IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BASAVARAJ A. HOOLI,

    Plaintiff,

vs.                                  Case No. 4:12cv134-RH/CAS

DEEPA VINOO, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Two Orders were entered (May 2, 2012, and June 5, 2012) directing the pro se Plaintiff to provide a response clarifying certain information provided on his in forma pauperis application. *See* docs. 7, 8. Plaintiff has still not complied, although he has sent two additional changes of address. Despite those failures to comply, the third amended complaint has been reviewed.[1]

---

[1] Plaintiff had filed a first amended complaint on April 30, 2012. Doc. 6. Thereafter, he filed a second amended complaint, doc. 10, on June 11, 2012. That document has now been replaced by a third amended complaint, doc. 12, filed on June 18, 2012. Only this version of the complaint has been reviewed.

Plaintiff now provides an address for himself in Alabama, and identifies one of the two Defendants as residing in Las Vegas, Nevada, and the other Defendant is in Jacksonville, Florida.  Doc. 12, at 2.  There are no facts within the complaint that reveal any events took place within the Northern District of Florida.  Plaintiff no longer resides in this District.  The case could be dismissed for improper venue, but there is another more important reason this case should be dismissed: it fails to state a claim.

Plaintiff complains that he and others, who are not identified, brought nurses to the Kaplan Test Preparation College in Law Vegas, but the student visas were cancelled.  The cancellation of visas by Kaplan is not a constitutional claim.  Moreover, Plaintiff states that it occurred in 2003.  Events from 2003 are barred by the statue of limitations.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Plaintiff then alleges that the Immigration Department first indicated that the registered nurses could start working in September of 2003.  Doc. 12, at 3. However, in August, 2003, it was discovered "that the rules were changed in August 2003 and they

cannot issue work permit to all Registered Nurses." *Id.* That allegation is also insufficient to state a claim, even if it were not time barred.

Further leave to amend should not be granted. This case is the third case brought by this Plaintiff, with all claims generally relating to the fact that Plaintiff sought to bring nurses from India to the United States, and he has sought payment from various sources. None of the claims are federal claims, and none of the allegations have presented a viable claim,[2] whether based on state law or federal law. This case should also be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on July 2, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] A report and recommendation remains pending in case 4:12cv135, but case 4:12cv95 has already been dismissed.